USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEISHA FALU,

                    Plaintiff,

  -against-

COUNTY OF ORANGE, STEVEN GROSS, CARL DUBOIS, KENNETH JONES, and KENNETH DECKER, each in their individual capacity,

                    Defendants.

No. 16-CV-0448 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Geisha Falu ("Plaintiff"), a woman employed as a corrections officer employed by the County of Orange, brings this action against the County of Orange (the "County") and her supervisors, Steven Gross, Carl DuBois, Kenneth Jones, and Kenneth Decker, each in their individual capacities (collectively, "Defendants"). Plaintiff alleges that Defendants failed to promote her to the rank of Sergeant, despite her eligibility, from May 2014 to June 2015. Plaintiff argues that Defendants' failure to promote her was motivated by sex-based discrimination and therefore violated her Fourteenth Amendment rights under 42 U.S.C. § 1983.

    Before the Court is the Defendants' Motion for Summary Judgment on Plaintiff's sex-based discrimination claim. (Amended Complaint ("AC"), ECF No. 29.) For the following reasons, Defendants' Motion is GRANTED.

## Background[1]

### I. Procedural History

Plaintiff commenced the instant action on or about January 22, 2016. (Complaint, ECF No. 9.) On May 24, 2016, Plaintiff filed the AC. In response to the AC, Defendant filed a Motion to Dismiss, which was fully briefed as of August 24, 2016. (Def. Mot. to Dismiss, ECF No. 30; Def's Mem. in Supp. ("Def. Mem."), ECF No. 32; Def. Rep., ECF No. 34.) On or about June 30, 2017, this Court issued an Opinion and Order, granting in part and denying in part Defendants' Motion to Dismiss. (*See* Opinion, ECF No. 38.) Notably, this Court dismissed all claims against the County of Orange and against individual Defendants Carl DuBois and Kenneth Decker. (*Id.* at 1.) The Opinion left as parties: Defendants Steven Gross and Kenneth Jones, each in their individual capacities. Plaintiff did not seek leave from this Court to re-plead against the dismissed Defendants or to further amend the AC.

The parties subsequently engaged in discovery. On or about September 7, 2018, Defendant filed the instant Motion for Summary Judgment. (Def. Mot. for SJ, ECF No. 61.) Plaintiff submitted her Memorandum of Law in Opposition to the Motion on or about November 9, 2018. (Pl.'s Mem. in Opp'n. ("Pl. Mem."), ECF No. 70.) In her memorandum, Plaintiff concedes that the record establishes that "[Defendant] Gross played no role in approving the promotions made within the Sheriff's Department" and voluntarily dismisses any claims against Defendant Steven Gross. (Pl.'s Mem. at 9, n.9.)

---

[1] The facts are drawn from the Defendants' Rule 56.1 Statement of Undisputed Material Facts ("Def. 56.1") (ECF No. 68), Plaintiff's Rule 56.1 Statement of Undisputed Material Facts ("Pl. 56.1.") (ECF No. 71), and the exhibits attached to each. They are undisputed except where indicated.

The Court deemed Defendants' Motion for Summary Judgment fully briefed upon Defendants' submission of their Reply Memorandum of Law on or about November 29, 2018. (Def. Rep. Mem., ECF No. 74.)

## II. Plaintiff Falu

Plaintiff commenced employment as a corrections officer in the Orange County Correctional Facility ("OCCF") in the Orange County Sheriff's Office. As a corrections officer, Plaintiff was responsible for the care and custody of inmates at the OCCF.

In or about October 2010, Plaintiff took a civil service exam ("Exam") for the position of Corrections Sergeant. The promotion to the position was competitive and governed by the NYS Civil Service law. The Exam was graded by the State of New York and administered by Orange County's Department of Human Resources. Plaintiff scored an 85 on the Exam.

Based on the results of the Exam, the Orange County Civil Service Unit created a list of candidates who were eligible for promotion.[2] The list was utilized for four years, from June 2011 to June 2015. At the time the list was created on June 7, 2011, one male individual scored a 95, nine persons, including one female, scored a 90 and one male scored an 87.5. These individuals were deemed immediately "reachable"—that is, any one of them could have been appointed to the Corrections Sergeant position without the need for the appointing authority to canvass all of the candidates.[3] Plaintiff (or anyone else who scored an 85 on the exam) was not reachable until at least nine of the eleven immediately reachable individuals had either: (1) been promoted to

---

[2] Under § 61 of the NYS Civil Service Law, appointments or promotions can only be made from the list of eligible candidates. Plaintiff and Defendants disagree as to whether the selection shall be from amongst all candidates on the list (Pl. 56.1), or only one of the three top-ranked persons certified by the appropriate civil service commission who are willing to accept such appointment of promotion (Def. 56.1).

[3] If more than one individual receives the same score, an associated standing is randomly generated by algorithm. This process does not require the appointing authority to promote individuals in sequential order from the top to the bottom of the list—all eleven individuals are equally reachable.

Corrections Sergeant, or (2) expressed disinterest in the promotion. While Plaintiff and Defendant disagree as to the exact date on which Plaintiff became reachable it is undisputed that Plaintiff (or anyone else who scored an 85 on the exam) was not eligible for promotion until May 2014.[4]

On or about July 23, 2014, Plaintiff was interviewed for potential promotion to Corrections Sergeant by a panel of five members from the Jail Administration. The panel included four individuals who are nonparties to the instant action, and Kenneth Decker, who was dismissed as party by this Court in the June 30, 2017 Opinion.[5] (Opinion, at 1.) Plaintiff was not selected for promotion. Prior to the instant action, Plaintiff never filed any complaint regarding the promotion decision or general discrimination with the Department of Human Resources.

### III. Defendant Jones

Defendant Kenneth Jones has served as Undersheriff of the County of Orange Sheriff's Department since 2003. The Sheriff maintains final authority over all promotion decisions and must sign off on all paperwork relating to promotions. While the Sheriff has not been delegated the authority to promote in writing, the initial determination of which candidate to promote is customarily made by the Jail Administrator. The Jail Administrator verbally advises the Undersheriff regarding the promotion decision but does not provide a list of candidates in writing either to the Undersheriff or to the Sheriff. Defendant Jones testified that he has never received a list of candidates for promotion; nor has he, in his capacity as Undersheriff, advised any Jail Administrator on who to or not to promote. (Jones EBT, Ex. H., p. 11, 1. 4-17.)

Following the sudden death of the prior Jail Administrator in December 2012, Defendant Jones was appointed as the Acting Jail Administrator and remained in this capacity until November

---

[4] Plaintiff asserts that she became reachable in May 2014, whereas Defendant asserts that Plaintiff was not reachable until October 2014.

[5] Defendant Kenneth Jones and Defendant Steven Gross were not present at Plaintiff's July 23, 2014 interview.

4

2013. (Jones EBT, Ex. H, p. 12, 1. 6-10.) During his tenure as Acting Jail Administrator, Defendant Jones made two promotions to the rank of Sergeant from the immediately reachable individuals on the list of eligible candidates. Other than these two promotions, Defendant Jones averred that he was not personally involved in any other promotion decisions at the Jail, either during or after his tenure as Acting Jail Administrator. (Jones EBT, Ex. H, p. 13, 1. 19-24, p. 47, 1. 7-22; Jones Aff. § 13, 14.)

Plaintiff was not reachable at any point during Defendant Jones' tenure as Acting Jail Administrator, from December 2012 to November 2013. Although the first vacancy date on which Plaintiff could have been promoted to Corrections Sergeant is disputed, both parties concede that the date falls in 2014, months after Defendant Jones' tenure as Acting Jail Administrator ended in November 2013. Plaintiff never sought to have a meeting with Defendants Jones regarding her promotion or any of the other allegations in the instant action. (Plaintiff EBT, Ex. G, p. 131, I. 13-25. P. 132, I. 2-8.)

## LEGAL STANDARD

### I. Summary Judgment

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. *See*, *e.g.*, Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-203 (2d Cir. 1995). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. *See*, *e.g.*, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

In assessing the record to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party

against whom summary judgment is sought. *See*, *e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir. 1989); *Donahue v. Windsor Locks Board of Fire Commissioners*, 834 F.2d 54, 57 (2d Cir. 1987). The inferences to be drawn from the underlying affidavits, exhibits and depositions must be viewed in the light most favorable to the party opposing the motion. *See*, *e.g.*, *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam); *Ramseur*, 865 F.2d at 465.

On a motion for summary judgment, a court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Donahue*, 834 F.2d at 58 (internal quotes omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255; *Gallo v. Prudential Residential Services, Limited Partnership*, 22 F.3d 1219, 1224 (2d Cir. 1994). If, as to the issue on which summary judgment is sought, there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988).

**II.**     **Personal Involvement**

In alleged constitutional deprivations under § 1983, personal involvement of defendants is a prerequisite to an award of damages. *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 55 L. Ed. 2d 792, 98 S. Ct. 1282 (1978); *see also Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) ("The rule in this circuit is that when monetary damages are sought under § 1983, the general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required."), *cert. denied*, 414 U.S. 1033 (1973).

While the general doctrine of *respondeat superior* does not apply in § 1983 claims for monetary damages, a defendant who occupies a supervisory position may be found "personally

6

involved in the deprivation of a plaintiff's constitutionally protected liberty interests" in the following ways: "[1] The defendant may have directly participated in the infraction; [2] A supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong; [3] A supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; [4] Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986) (internal citations omitted). In addition, supervisory liability may be imposed where an official demonstrates "gross negligence" or "deliberate indifference" to "the constitutional rights of [defendants] by failing to act on information indicating that unconstitutional practices are taking place." *Wright*, 21 F.3d at 501; *Meriwether v. Coughlin*, 879 F.2d 1037, 1048 (2d Cir. 1989).

## DISCUSSION

### I. Termination of the County of Orange, DuBois, Decker and Gross

This Court has dismissed all claims against Orange County and against individual Defendants DuBois and Decker in its previous Opinion. As Plaintiff did not seek leave from this Court to re-plead or to amend the AC following the dismissal, Plaintiff's assertion that this Court's dismissal "was erroneously overbroad" is meritless and baseless. (Pl. Mem. at 8, n.7.)

In accordance with the June 30, 2017 Opinion, the County, DuBois and Decker were terminated as parties. Moreover, Plaintiff voluntarily dismissed all claims against Defendant Gross in her memorandum, conceding that Gross played no role in the promotion decisions. Therefore, among the five Defendants in the initial complaint, Kenneth Jones is the only defendant remaining in the instant action.

7

## II. Defendant Jones

The facts from the record, viewed in the light most favorable to Plaintiff, do not support a finding of personal involvement by Defendant Jones in Plaintiff's promotion consideration. During Defendant Jones' tenure as Acting Jail Administrator, Plaintiff was ineligible for promotion. When Plaintiff became eligible for consideration, Defendant Jones had concluded his tenure and was no longer involved in the promotion process. The underlying affidavits, exhibits and depositions corroborate Defendant Jones' absence from any promotion consideration with regards to Plaintiff.

Nor could Defendant Jones be found liable through his supervisory capacity as Undersheriff. Defendant Jones did not participate in the promotion determination of Plaintiff. There is no question as to whether Defendant Jones failed to "remedy the wrong . . . after learning of the violation through a report," as Plaintiff never filed any complaint within the OCCF or sought to discuss her promotion with Defendant Jones. *Wright*, 21 F.3d at 501. Plaintiff does not allege and the record evidence does not support that Defendant Jones was "grossly negligent in managing subordinates who caused the unlawful condition or event." *Id.*.

A close reading of Plaintiff's loosely organized memorandum in opposition to Defendants' Motion reveals an allegation against the five initial Defendants for engaging in a pattern of discriminatory promotion practices in the OCCF. Plaintiff argues that there is "no established criteria governing promotion to the rank of Sergeant within the Sheriff's department" and that "those involved in the relevant promotion process articulate contradictory criteria." (Pl. Mem. at 2.) Plaintiff further points to a previous case filed by Valerie Zeppelin against Orange County, Carl DuBois, and Defendant Jones, citing the similarities between the two suits. This Court notes that Plaintiff Valerie Zeppelin was actually promoted in December 2015, while her case was pending in this District, and her case settled and was terminated in January 2017. *See Zeppelin v. County*

*of Orange*, Case No. 7:14-cv-06165 (CS) (S.D.N.Y. January 24, 2017). Therefore, the *Zeppelin* case does not affirmatively support Plaintiff's claims. And regardless, as far as Defendant Jones is concerned, no evidence in the record before this Court supports an inference of personal involvement with regard to Plaintiff's promotion process. In sum, Plaintiff does not affirmatively argue, and the evidence on the record does not corroborate, that Defendant Jones created or contributed to a policy of discriminatory practices against Plaintiff.

As the evidence unequivocally confirms Defendant Jones' absence from Plaintiff's promotion process, there is no genuine issue of material fact to be tried. Accordingly, Defendant's Motion for Summary Judgment is GRANTED.

## CONCLUSION

For the reasons discussed, Defendant's Motion for Summary Judgment is GRANTED in its entirety. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 61, enter judgment in favor of Defendant Kenneth Jones, and close this case.

Dated: July 30, 2019
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge